UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH DEAN S.,<br><br>              Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | NO: 1:19-CV-3139-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 11, 13). The motions were submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation

omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe, or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work

"exists in significant numbers in the national economy." 20 C.F.R. § 416.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for a period of disability and disability insurance benefits on August 27, 2015, alleging disability beginning August 1, 2014. Tr. 15. The claim was denied initially on November 6, 2015, and upon reconsideration on February 17, 2016. Tr. 15. Plaintiff requested a hearing. Tr. 15. A hearing was held before an administrative law judge ("ALJ") on July 12, 2018. Tr. 15. Plaintiff was represented by D. James Tree, an attorney. Tr. 15. At the hearing, Plaintiff amended the onset date to March 29, 2015. Tr. 86.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2014, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: history of lumbar degenerative disc disease, left thumb amputation, alcohol use disorder, and cannabis use disorder. Tr. 17. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18. The ALJ then determined Plaintiff has the residual functioning capacity to perform light work except as follows:

> He needs to use of cane to walk in the workplace. He can occasional[ly] stoop, squat, crouch, crawl, kneel, and climb ramps and stairs. He can never

> climb ropes, ladders, scaffolds. He can frequent[ly] handle and finger with his left, dominant upper extremity. He can engage in unskilled, repetitive, routine tasks in two-hour increments.

Tr. 20.

At step four, the ALJ found Plaintiff could not perform past relevant work. Tr. 25. At step five, the ALJ determined that Plaintiff's ability to perform a full range of light work is "impeded by additional limitations" and sought testimony from a vocational expert as to the "extent to which these limitations erode the unskilled light occupational base[.]" Tr. 27. The vocational expert testified that an individual with Plaintiff's RFC, age, and background would be able to perform the requirements of the following representative light work occupations that exist in significant numbers in the national economy: small production assembler I; assembler, electrical accessories; and subassembler, electronic equipment. Tr. 26-27. Accordingly, the ALJ determined that Plaintiff has not been under a disability from August 1, 2014 through July 31, 2018. Tr. 27.

Significantly, at the hearing the ALJ orally accepted the Plaintiff's amended onset date which placed him in the closely approaching advanced age category, Tr. 86, but rejected the amended onset date in his written opinion and placed him in the younger individual age category, Tr. 25.

On April 22, 2019, the Appeals Council denied Plaintiff's request for review (Tr. 1-3), rendering the ALJ's decision the final decision that is subject to judicial review. 20 C.F.R. § 404.981.

**ISSUES**

Plaintiff seeks judicial review of the ALJ's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff identifies five issues:

    1. Whether the ALJ erred in applying the Grid Rules;

    2. Whether the ALJ erred in assessing the medical opinions;

    3. Whether the ALJ failed to fully and fairly develop the record;

    4. Whether the ALJ failed to properly consider Listing 1.00; and

    5. Whether the ALJ erred in discounting Plaintiff's credibility.

ECF No. 11 at 2.

**DISCUSSION**

Among other complaints, Plaintiff argues the ALJ erred in failing to weigh the opinion of Dr. Bauer and by ignoring Dr. Bauer's opinion that Plaintiff could not walk more than 75 to 100 feet without stopping. ECF No. 11 at 6-7. In response, Defendant contends that the ALJ's failure to specifically discuss the latter proposed limitation is harmless since the limitation would not preclude performance of the jobs identified by the ALJ. ECF No. 13 at 4. Defendant asserts

that "the vocational expert explained that the jobs on which the ALJ relied were 'performed at a bench assembly,' not walking around, such that a person doing these jobs could alternate between sitting and standing" and that "[t]here is no indication that any of the jobs on which the ALJ relied required more than 100 feet of walking at a time." ECF No. 13 at 4-5.

The Defendant ignores that all the identified jobs were categorized as "light work." The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. SSR 83-10. Accepting the walking / standing limitation, as well as the need for a cane, may significantly limit the categorization from light work to sedentary work. This conflict the ALJ did not address. The VE testified that if Plaintiff needed a cane in his hand whenever he was on his feet, "I think it would probably, on most cases, preclude those jobs." Tr. 84. The VE further testified, "I think if they had to hold their cane that would be inconsistent with the physical demands of that job, of those jobs." Tr. 85. The ALJ indicated that he "determined that the claimant needs to use a cane to walk in the workplace", Tr. 24, but did not address his finding of non-disability with the blatant contradiction of the VE's testimony.

The Court finds a remand is necessary to allow the ALJ to address these significant issues. While Defendant contends the error is harmless, this is not so clear. The significant limitations, the cane use accepted by the ALJ, but the

walking distance not addressed by the ALJ, appears to directly impact which Grid Rules apply, the RFC, and the subsequent opinion testimony by the vocational expert. *See* SSR 83-10 ("a good deal of walking or standing [is] the primary difference between sedentary and most light jobs"; "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). It would be improper for the Court to bridge the gap concerning the contradictory testimony and findings, rather than allow the agency to make the specific determinations in the first instance.

On remand, the ALJ should weigh the opinion of Dr. Bauer and specifically address the posed walking distance limitations noted above. The ALJ should specifically apply the proper Grid Rules for the appropriate work capability and for Plaintiff's age for all times during the claimed disability period. The ALJ should also address the remaining issues raised by Plaintiff, such as the need to develop the record with respect to the finger manipulation limitations posed by Plaintiff's amputated thumb tip, especially because the three other jobs identified all involve fine bench assembly work.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 11) is **GRANTED**.

3. This case is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

4. Upon proper presentation, this Court will consider Plaintiff's application for costs, expenses, and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(a),(d).

The District Court Executive is directed to file this Order, enter Judgment for Plaintiff, provide copies to counsel, and CLOSE this file.

DATED February 3, 2020.



THOMAS O. RICE
Chief United States District Judge